Nomura Holding America Inc. v. Federal Insurance Company

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand fifteen.

PRESENT:  CHESTER J. STRAUB,
          BARRINGTON D. PARKER,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

--------------------

NOMURA HOLDING AMERICA, INC.,

                    *Plaintiff-Appellant,*

          -v.-                                    14-3789

FEDERAL INSURANCE COMPANY

                    *Defendant-Appellee.*

--------------------

FOR APPELLANT:        MICHAEL A. SCODRO, (Barbara Steiner, *on the brief*),
                      Jenner & Block LLP, Chicago, IL.

FOR APPELLEE:      JOSEPH G. FINNERTY III, (Eric S. Connuck, Neal F. Kronley, *on the brief*), DLA Piper, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Failla, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED.**

Plaintiff-Appellant Nomura Holding America, Inc. ("Nomura") appeals from a September 11, 2014 Opinion and Order of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*) granting summary judgment in favor of Defendant-Appellee Federal Insurance Company ("Federal") with respect to the Related Claims provision of insurance policies ("Policies") that Federal issued to Nomura. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues for review.

We affirm the district court's grant of summary judgment for Federal with respect to the Related Claims provision for substantially the same reasons set forth by the district court. However, we note that in interpreting the Related Claims provision of the Policies, the district court employed the "factual nexus" test. *See Nomura Holding Am., Inc. v. Fed. Ins. Co.*, 45 F. Supp. 3d 354, 370 (S.D.N.Y. 2014). Under this test, "[a] sufficient factual nexus exists where the

Claims 'are neither factually nor legally distinct, but instead arise from common facts' and where the 'logically connected facts and circumstances demonstrate a factual nexus' among the Claims." *Id.* (citing *Quanta Lines Ins. Co. v. Investors Capital Corp.*, 2009 WL 4884096, at *14 (S.D.N.Y. Dec. 17, 2009); *Seneca Ins. Co.* v. *Kemper Ins. Co.*, 2004 WL 1145830, at *9 (S.D.N.Y. May 21, 2004); *Zunenshine* v. *Executive Risk Indem., Inc.*, 1998 WL 483475, at *5 (S.D.N.Y. Aug. 17, 1998)). According to the district court, "[c]ourts commonly apply the so-called 'factual nexus' test in order to determine whether claims are the 'same' or 'substantially similar.'" *Id.*

Under New York law,[1] it is axiomatic that an insurance contract should be interpreted under its "plain language" where a contract is unambiguous. *See VAM Check Cashing Corp. v. Fed. Ins. Co.*, 699 F.3d 727, 729 (2d Cir. 2012). We see no reason to depart from this well-established principle and invoke a test that employs a different standard. Here, the Policies define "Related Claims" to mean "all Claims for Wrongful Acts based upon, arising from, or in consequence of the *same or related* facts, circumstances, situations, transactions or events or the *same or related* series of facts, circumstances, situations, transactions or events." Joint App. 1103, 1171, 1238 (emphases added). The relevant inquiry here,

---

[1] There is no dispute that New York law controls over the present case.

3

therefore, is whether the underlying claims are "based upon, arising from, or in consequence of the same or related facts, circumstances, situations, transactions or events or the same or related series of facts, circumstances, situations, transactions or events" as the *Plumbers Union* claim, *see* Joint App. 1103, 1171, 1238, and not whether the claims "'are neither factually nor legally distinct, but instead arise from common facts' and where the 'logically connected facts and circumstances demonstrate a factual nexus' among the Claims," as stated by the district court, *see Nomura Holding Am., Inc.*, 45 F. Supp. 3d at 370 (citations omitted).

However, the district court's error is not dispositive to the outcome here. As the district court's side-by-side review of the underlying claims and the *Plumbers' Union* claim demonstrated, there is no genuine dispute that the claims in the five underlying lawsuits are "Related Claims" to the *Plumbers' Union* claim as defined by the Policies. *See Nomura Holding Am., Inc.*, 45 F. Supp. 3d at 371–72. Because the *Plumbers' Union* claim was "first made" in 2008, the underlying claims fall outside the ambit of coverage provided by the Policies. *See* Joint App. 1099, 1108–09, 1167, 1176–77, 1234, 1243–44, 1383.

We have considered all of Nomura's arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk